BROWN, Justice
(dissenting from the rationale and concurring in the result).
When the original opinion in this case was released on November 17, 2000, I dissented because I believed the Court of Civil Appeals had correctly quoted with approval the sentiment expressed by the Florida Supreme Court in In re: Adoption of Doe, 543 So.2d 741, 746 (Fla.1989). In that case, the Florida Court stated:
“Because prenatal care of the pregnant mother and unborn child is critical to the well-being of the child and of society, the biological father, wed or unwed, has a responsibility to provide support during the prebirth period. Respondent natural father’s argument that he has no parental responsibility prior to birth and that his failure to provide prebirth support is irrelevant to the issue of abandonment is not a norm that society is prepared to recognize. Such an argument is legally, morally, and socially indefensible.”
543 So.2d at 746.
I believe there was ample evidence before the trial court to support the trial court’s factual finding that the natural father had abused and abandoned the birth mother during her pregnancy.
I dissent from the rationale of the main opinion and concur only in the result.